UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LEROY P. FOSTER, JR.,**

  Plaintiff,

v.                                       **No. 4:23-cv-01226-P**

**PHH MORTGAGE CORPORATION,**

  Defendant.

### MEMORANDUM OPINION AND ORDER

By Order and Judgment entered on February 1, 2024, the Court dismissed this case without prejudice due to Plaintiff's failure to comply with this Court's order to timely replead. ECF Nos. 10, 11. In this Court's December 12, 2023 Order to Replead, the Court gave Plaintiff seventeen days to file an amended complaint. ECF No. 3.[1] Thus, Plaintiff's amended complaint was due on December 29, 2023. He did not file one. Nor did he file one during the entire month of January before the Court ordered that this case be dismissed without prejudice on February 1, 2024. On February 9, 2024, Plaintiff filed a "Motion to Vacate Dismissal and Reinstate Case," under Rule 60(b).[2] ECF No. 12. The Motion is hereby construed as a Motion for Reconsideration. After review and consideration of the Motion, the Court concludes that it is **DENIED** for the reasons explained herein.

The filing of an amended complaint is not a trivial matter. Rule 81(c) of the Federal Rules of Civil Procedure provides that following removal, "repleading is unnecessary *unless the court orders it*." (emphasis added). A complaint in federal court must plead facts that show the plaintiff's right to relief is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[1] In the Order, the Court cautioned that any failure to comply with the order "may result in the imposition of sanctions, including dismissal of Plaintiff(s)'s claims".

[2] Though Plaintiff lists the arguments in support of his Motion under Rule 60(a)(1), the Court will assume he intended to argue under Rule 60(b)(1).

The Court does not accept conclusory allegations or unwarranted deductions of fact in a federal-court complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 9 of the Federal Rules of Civil Procedure also imposes additional pleading requirements on a party alleging fraud or mistake. This Court routinely orders removed cases from state Court to replead for a multitude of reasons including: 1) conformity with Rule 8(a), Rule 9, and Rule 10 of the Federal Rules of Civil Procedure; 2) conformity with the Local Civil Rules of the United States District Court for the Northern District of Texas; and 3) conformity with the undersigned district judge's specific requirements.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Federal Rule of Civil Procedure 60(b) permits the court, upon motion by a party, to "relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of reasons. Fed. R. Civ. P. 60(b). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), cert. denied, 399 U.S. 927 (1970)). "Rule 60(b) vests in the district courts power 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Id.* (internal citations omitted).

Plaintiff seeks relief based on clause (1) of Rule 60(b). Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for the reason of "mistake, inadvertence, surprise, or excusable neglect." "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). The

determination of whether neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. "These circumstances include the risk of prejudice to the non-movant; the length of delay; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith." *Bynum v. Ussin*, 410 F. App'x 808, 810 (5th Cir. 2011) (citing *Pioneer*, 507 U.S. at 395).

The Fifth Circuit "has set a high bar for what a party must show to receive relief under Rule 60(b)(1)." *Williamson v. City of Morgan City*, 428 F. App'x 356, 357 (5th Cir. 2011). "Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the 'inadvertent mistake' of counsel." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993) (quoting *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 329 (5th Cir. 1987)). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Id.* at 357 (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)). "A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in 'unique circumstances.'" *Id.* (citing *Pryor*, 769 F.2d at 287). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)). "Calendaring errors and mistakes about deadlines qualify as a careless mistake of counsel." *Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018) (collecting cases).

Here, Plaintiff's only basis for excusable neglect is that his counsel did not think it necessary to comply with the Court's order. *See* ECF No. 12. Specifically, Counsel attests that they "did not…, candidly, read the Standing Order thoroughly." *Id.* at 2. This falls squarely under what the Fifth Circuit categorized as "gross carelessness, ignorance of the rules, or ignorance of the law" which are insufficient bases for 60(b)(1) relief. *Banning Co.,* 6 F. 3d at 357. While Plaintiff claims they felt no need to follow the Court's Order because they satisfy the "federal filing standard

3

at the outset", that is not a determination which counsel is at liberty to make and conformity with the federal filing standard is only one of multiple reasons the Court lists for why a replead is necessary. Therefore, the Court finds no good cause or excusable neglect to satisfy Rule 60(b)(1).

The Court does note; however, that dismissals without prejudice, not on the merits, do not want to take the shape of a dismissal with prejudice. Should this dismissal without prejudice function as a dismissal with prejudice in this case, *see, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992) (discussing instances where dismissal without prejudice functions as with prejudice, such as when a suit would be time-barred if plaintiff were forced to refile), Plaintiff must notify the Court in a timely, appropriately argued, and supported motion for further reconsideration. Given the Motion made no mention of such prejudice, the Court assumed it not a pertinent issue in this case.

It is therefore **ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED.**

**SO ORDERED** on this **28th day of February 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE

4